UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER COLLINS,<br><br>    Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. 19-cv-06873-TSH<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

## I. INTRODUCTION

On September 16, 2019, Plaintiff Jennifer Collins filed a small claims court complaint in Contra Costa County Superior Court against Defendant Social Security Administration, alleging the administration improperly denied her application for benefits. The administration removed the case to this Court on October 22, 2019, and filed an answer and the administrative record on December 11, 2019. ECF Nos. 1, 7-8. Pursuant to the Social Security case procedural order, Collins was required to serve and file a motion for summary judgment or for remand within 28 days of service of the administration's answer. ECF No. 6. As Collins failed to file a motion or otherwise respond, the Court ordered her to show cause by February 11, 2020, why this case should not be dismissed for failure to prosecute and failure to comply with court deadlines. ECF No. 12. The Court also provided notice to Collins that it may dismiss the case if she failed to respond by the deadline. As of today, Collins has failed to respond. Based on this procedural history, the Court finds it appropriate to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b)[1]

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). ECF Nos. 5, 11.

## II. LEGAL STANDARD

Under Rule 41(b), "the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Oliva v. Sullivan*, 958 F.2d 272, 273-74 (9th Cir. 1992) (district court may dismiss sua sponte for failure to meet court deadline). "The Court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

## III. DISCUSSION

The first two *Henderson* factors strongly support dismissal. First, "'the public's interest in expeditious resolution of litigation always favors dismissal.'" *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Second, the Court's need to manage its docket also weighs in favor of dismissal. Collins delayed adjudication of the claims in this case by failing to prosecute and failing to respond to the show cause order. Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." *Ferdik*, 963 F.2d at 1261; *Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants").

As for the third *Henderson* factor, the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal. *Yourish*, 191 F.3d at 991. However, "prejudice . . . may . . . consist of costs or burdens of litigation." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). Moreover, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to

1    meet a court deadline. *Id.*; *Yourish*, 191 F.3d at 991. Here, Collins failed to file a motion for

2    summary judgment or remand and failed to respond to the order to show cause. Therefore, the

3    Court concludes the third *Henderson* factor also supports dismissal.

4        The fourth *Henderson* factor, that public policy favors disposition of cases on their merits,

5    normally weighs strongly against dismissal. *See Hernandez*, 138 F.3d at 399 ("[T]he public policy

6    favoring resolution on the merits clearly counsels against dismissal.") (citation omitted);

7    *Pagtalunan*, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this

8    factor weighs against dismissal."). "At the same time, a case that is stalled or unreasonably

9    delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution

10   on the merits." *In re PPA*, 460 F.3d at 1228. The Ninth Circuit has "recognized that this factor

11   'lends little support' to a party whose responsibility it is to move a case toward disposition on the

12   merits but whose conduct impedes progress in that direction." *Id.* (quoting *In re Exxon Valdez*,

13   102 F.3d 429, 433 (9th Cir. 1996)). Thus, although this factor weighs against dismissal, the Court

14   also recognizes that Collins has failed to move this case toward disposition and this factor

15   therefore lends little support to her cause. *See Mack v. Comm'r of Soc. Sec.*, 2019 WL 6251228, at

16   *2 (N.D. Cal. Nov. 22, 2019) (Although public policy favors disposition on the merits, "this factor

17   lends little support" where Social Security plaintiff that fails to move case toward disposition.).

18       Finally, the Court has already attempted less drastic sanctions without success, including

19   issuing a show cause order and giving Collins an opportunity to explain the failure to prosecute.

20   "Though there are a wide variety of sanctions short of dismissal available, the district court need

21   not exhaust them all before finally dismissing a case." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d

22   671, 674 (9th Cir. 1981). Further, as Collins failed to respond, another order requiring her to

23   respond is likely to be futile. *See*, *e.g.*, *Mack*, 2019 WL 6251228, at *2 (finding dismissal under

24   Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an order

25   to show cause and giving the plaintiff an opportunity to respond); *Gleason v. World Sav. Bank,*

26   *FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (same). Moreover, the order to show

27   cause warned Collins of the risk of dismissal; thus she cannot maintain the Court failed in its

28   "obligation to warn the plaintiff that dismissal is imminent." *Oliva*, 958 F.2d at 274; *Ferdik*, 963

F.2d at 1262 ("a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (citation and quotations omitted).  Accordingly, the final factor weighs in favor of dismissal.

### IV. CONCLUSION

Based on the analysis above, the Court finds at least four of the five *Henderson* factors weigh in favor of dismissal.  Collins failed to file a motion for summary judgment or remand and failed to respond to the show cause order.  Thus, she failed to prosecute this case and dismissal is appropriate.  Typically, dismissal could be without prejudice, which preserves a plaintiff's ability to seek relief.  *See Ferdik*, 963 F.2d at 1262.  However, this case is a Social Security appeal in which the time to file an appeal has expired (*see* Admin. Record at 1, ECF No. 8), so a dismissal with or without prejudice is effectively the same thing.  *See Mack*, 2019 WL 6251228, at *2 (dismissing Social Security case with prejudice for failure to prosecute where time to file appeal had expired).  Accordingly, this case is **DISMISSED WITH PREJUDICE** for failure to prosecute and failure to comply with the Court's deadlines and orders.

**IT IS SO ORDERED.**

Dated: February 14, 2020

THOMAS S. HIXSON
United States Magistrate Judge